

NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Harlin DeWayne Hale*

**Signed February 18, 2009**                                    **United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS - WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-70454-hdh13 |
| | § | |
| JOHN DAVID CAMPBELL AND | § | CHAPTER 13 |
| LAURA MICHELLE CAMPBELL, | § | |
| | § | |
| Debtor(s). | § | |
| | § | |
| GMAC MORTGAGE, LLC, AS | § | HEARING DATE: February 18, 2009 |
| SERVICING AGENT FOR MORTGAGE | § | HEARING TIME: 11:00 AM |
| ELECTRONIC REGISTRATION | § | JUDGE: Honorable Harlin DeWayne Hale |
| SYSTEMS, INC., SOLELY AS | § | |
| NOMINEE FOR HOMECOMINGS | § | |
| FINANCIAL, LLC (F/K/A | § | |
| HOMECOMINGS FINANCIAL | § | |
| NETWORK, INC.), its successors and/or | § | |
| assigns, | § | |
| | | |
| Movant, | | |
| v. | | |
| | | |
| JOHN DAVID CAMPBELL AND | | |
| LAURA MICHELLE CAMPBELL; and | | |
| WALTER O'CHESKEY, Trustee, | | |
| | | |
| Respondents. | | |

## AGREED ORDER CONDITIONING AUTOMATIC STAY

This Agreed Order is entered into by and between the Secured Creditor, GMAC Mortgage, LLC, as servicing agent for Mortgage Electronic Registration Systems, Inc., Solely as Nominee for Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.), its successors and/or assigns (hereinafter "Movant"), and John David Campbell and Laura Michelle Campbell (hereinafter "Debtors") by and through their respective attorneys of record.

The property which is the subject of this matter is commonly known as 3623 FM 174 E, Buffalo Springs, Texas 76228, which is more fully described as follows:

> LOTS 10 TO 12, BLOCK 1, ORIGINAL TOWNSITE OF BUFFALO SPRINGS, TEXAS, AS SHOWN BY THAT CERTAIN MAP OR PLAT THEREOF RECORDED IN VOLUME 43 PAGE 132, CLAY COUNTY DEED RECORDS.

THE PARTIES STIPULATE AS FOLLOWS:

1.      Debtors shall tender regular monthly payments in the amount of $944.35 to Movant, which amount is subject to change, pursuant to the terms of the subject Note (the "Note"), commencing March 1, 2009, and continuing until all such outstanding amounts under the Note are to be paid in full.

2.      The post-petition arrears are calculated as follows:

| 11/08-02/09 | 4 payments @ $944.35 | $3,777.40 |
|---|---|---|
| 11/08-01/09 | 3 late charges @ $27.00 | $81.00 |

Attorneys' Fees and Costs                                    $675.00

Total Arrears                                              $4,533.40

3.      Debtors shall have 30 days from the date this Order is entered to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's fees and costs in the total amount of $4,533.40.

4.      Debtors shall maintain real property taxes and real property hazard insurance paid current for the Real Property, and provide proof of said insurance to Movant on a timely basis.

5.      Debtors shall comply with the terms and conditions of their Chapter 13 Plan with respect to the payments to the Chapter 13 Trustee.

6.      If Debtors default on any provision contained in paragraphs 1 and or 3 through 5, inclusive of this Stipulation, Movant shall provide written notice to Debtors and Debtors' attorney of record indicating the nature of the default.  If Debtors fail to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail, then Movant may file a Notice of Termination of Automatic Stay with the Court.  Upon filing of said Notice Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

7.      The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

8.      Movant shall comply with paragraph 6 of the order as to the first three (3) defaults. Upon the fourth (4th) default, under paragraph 6, then the stay is terminated without the necessity of further notice or order, or proceeding of this Court.  Upon termination of the automatic stay, Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law, and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

9.      In the event that Movant is granted relief from the automatic stay, the parties hereby stipulate that the 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

10.      In the event that the Debtors default under this Stipulation and Movant forwards a 10-day letter to Debtors, they shall be required to tender $50.00 for each default letter submitted in order to cure the default.

11.      The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtors.

12.      In the event this case is converted to a Chapter 7 proceeding and if the Property has

been previously exempted from the estate, the Automatic Stay shall be terminated without further

notice, order, or proceedings of the court.  If the Automatic Stay is terminated as a matter of law, the

terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies

under applicable non-bankruptcy law against the property and/or against the Debtors.

     13.     Relief from the Automatic Stay is granted as to the Chapter 13 Trustee, Walter

O'Cheskey.

     14.     The parties agree that a facsimile of a signature to this Agreed Order can be treated

as and shall have the same force and effect as an original signature.  The parties further agree that this

Agreed Order may be executed in counterparts.

###

THIS ORDER WAS PREPARED AND IS
BEING SUBMITTED BY:

DATED: February 10, 2009               DATED: February 10, 2009

PITE DUNCAN, LLP


/s/ Tracy D. Mabry               /s/ Monte J. White
/s/ Tracy D. Mabry               /s/Monte J. White
SBOT 24055887               Monte J. White & Associates, P.C.
4375 Jutland Drive, Suite 200       1106 Brook Avenue
PO Box 17933               Wichita Falls, TX 76301
San Diego, CA 92177-0933        ATTORNEY FOR DEBTORS
Telephone: (858)750-7600
Facsimile: (619) 590-1385
ATTORNEYS FOR MOVANT

                         DATED: February 10, 2009

/s/ Walter O'Cheskey
 /s/ Walter O'Cheskey
Chapter 13 Trustee